(78 South. 461)

LINEVILLE NAT. BANK v. WEAVER.
(7 Div. 403.)

(Court of Appeals of Alabama.   Feb. 12, 1918. Rehearing Denied April 2, 1918.)

1. CHATTEL MORTGAGES ⬤162 — RIGHT TO SELL—REMEDIES OF MORTGAGOR.

Where there was a valid mortgage conveying title and right to possession to mortgagee, the mortgagor had given possession to the mortgagee, and the law day had passed which gave the mortgagee the right to sell, the mortgagor, having neither title, possession, nor right to immediate possession, could not maintain trespass, trover, or detinue against the mortgagee.

2. CHATTEL MORTGAGES ⬤166—USE OF PROCEEDS OF PROPERTY AFTER DEFAULT.

In such case, the mortgagor, if the mortgagee sold the property without authority, could recover, in action for money had and received, the difference between what it sold for and the amount owing on the mortgage debt.

Appeal from Circuit Court, Clay County; Hugh D. Merrill, Judge.

Action by Mrs. M. H. Weaver against the Lineville National Bank to recover the value of four bales of cotton. From judgment for plaintiff, defendant appeals. Reversed and remanded.

Walter S. Smith, of Lineville, for appellant. Cornelius, Lackey & Vann, of Ashland, for appellee.

SAMFORD, J. There were seven counts in the complaint, claiming separately for conversion, trespass, detinue, and for money had and received, to which were interposed pleas of the general issue, payment, set-off, and recoupment.

The facts necessary for a consideration of the questions involved are as follows: The husband of plaintiff died in May, 1914, owing the defendant bank $247.50, evidenced by a promissory note. On May 21st the plaintiff applied to the defendant bank and obtained a loan of $75, to secure which she executed and delivered to defendant a mort-

gage on all crops grown by her during that year, the due date of the mortgage being October 15, 1914, and in and by said mortgage the title to the property was conveyed and the right to possession given to the defendant. During the fall of 1914 the plaintiff stored four bales of the cotton covered by the mortgage and carried the warehouse receipts and delivered them to the defendant. The defendant kept the cotton until February, when it sold it, and applied the proceeds to the debt of the husband. Here arises the real controversy in this case, the defendant contending and offering testimony to sustain the contention that at the time the loan was made and the mortgage executed, plaintiff agreed to pay the $247.50 due by the husband to the bank, and that when the cotton was turned over to the bank it was with the instructions that it should be sold and the proceeds applied to that note, and that the bank did that. The plaintiff on the contrary contended that she did not agree to pay her husband's debt, and did not authorize the sale of the cotton at all, but that she demanded its return, and the defendant refused to deliver it, and offered testimony to prove this contention. She also testified that out of other moneys she had paid all of her note and mortgage except $35.

[1] There are 63 assignments of error shown in the record, but as we view this case, the questions presented are not complex, and do not require a separate consideration of each assignment. It is admitted that there was a valid mortgage on the property conveying title and right to possession to the defendant, that the law day had passed which gave it the right to sell, and it was admitted that plaintiff had given possession to defendant. Under these circumstances, the plaintiff had neither the title, possession, or right to the immediate possession, and hence she cannot maintain trespass, trover, or detinue, as against the mortgagee. Street v. Sinclair, 71 Ala. 110; Burns v. Campbell, 71 Ala. 271.

[2] This leaves only the question of liability for money had and received, which was purely a question for the jury, under the facts. If the testimony of plaintiff is believed, she is entitled to recover the difference between what the cotton sold for in February, 1915, and what she owed the bank on her note and mortgage. If, on the contrary, the defendant by its testimony satisfies the jury that the plaintiff agreed to pay the note of her husband, and delivered the cotton to the defendant to be sold and so applied, then the defendant would be entitled to a judgment over for the excess due it, and for attorney's fees as provided for in the note of May 21, 1914. The issues are simple and well-defined, obviating the necessity of passing upon the many exceptions based upon the issues presented on the former trial. The rulings of the trial court were not in accord with the views herein expressed, and therefore the judgment must be reversed and the cause remanded.

Reversed and remanded.